Tilghman, C. J.
delivered the opinion of the Court.
A motion has been made for- a rule to shew cause why a mandamus should not be issued, directed to the “Trustees of the Roman Catholic Society worshipping at the churh of St. Mary's,” commanding them to affix the coiiimon seal of the corporation to certain alterations and amendments of the charter of the said corporation. The committee at whose instance this motion was made, presented a petition to the Court, setting forth the particular amendments and alterations which, as they allege, are desired by a large majority of the congregation, and the manner in which the sentiments of the congregation were ascertained. After the opinion which was delivered yesterday, on the application to this Court to certify their opinion touching the lawfulness of the said amendments and alterations, it will be unnecessary to say much on the present occasion. In that opinion, it was declared, that the Court did not consider itself authorised to act upon any alterations of the charter, which were proposed by individual members of the society in opposition to the board, of trustees, in whom the corporate rights, are vested. The present motion is founded on the basis of such opposition* *509 and its object is to compel the trustees to act in this business of alteration, contrary to their own judgment. With what propriety, then, can the Court grant it ? Although it appears, .by. the facts set forth in the petition, that heretofore a committee was appointed by; the trustees for the purpose of porting amendments, and procuring the adoption of them by lawful authority, and that a report was made by that committee, and approved by the board; yet it does not appear that 'Since the act of assembly of the 21st March last, authorising this corporation to alter and amend their charter, the board of trustees have taken any step towards such alteration, or in any manner assented to the proceedings of the individual members set forth in their petition. On the contrary, the Court cannot forget that, by the papers produced yesterday, it was proved tha't the trustees protested against these proceedings as illegal and unconstitutional. Under such circumstances, the granting a rule to shew cause why a mandamus should not be issued, would answer no purpose but to prolong an unpleasant contest with no advantage to the petitioners, and to the great delay and injury of the other suitors whose causes are depending in this Court. It is our opinion, therefore, that the rule should not be granted. At the same time, we cannot but express our concern at this unhappy contest, to which we add our solemn exhortation to this religious society to settle their differences, by conducting the approaching election with candour, fairness, and good temper. Their character is at stake—disturbances have been foretold—and should it be necessary to call in the civil authority to preserve the peace, the congregation of St. Mary's will sink beneath the level of their fellow-christians of other denominations. But this Court anticipates better things, and expects that the will of this congregation being fairly ascertained, the desired alterations of the charter, should any be desired, will be carried into effect without opposition.
Rule discharged.